Case 09-37460    Filed 10/18/09    Doc 28

2009-37460
FILED
October 18, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002148269

3

Mark A. Wolff (175570)
WOLFF & WOLFF
8861 Williamson Drive, Suite 30
Elk Grove CA 95624
Phone: (916) 714-5050
Fax:    (916) 714-5054
e-mail: attorneys@wolffandwolff.com

Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

|  |  |
|---|---|
| Yuriy Chernyy<br><br>Jennifer Chernyy | 09-37460-B-13J<br><br>Chapter 13 |

### ORDER CONFIRMING CHAPTER 13 PLAN AND VALUATION OF COLLATERAL

### FILED ON AUGUST 18, 2009

The Chapter 13 plan of the above-named debtor(s) filed on August 18, 2009 has been transmitted to all creditors, and it has been determined after notice and opportunity for a hearing that the debtor(s) plan satisfies the requirements of 11 U.S.C. §1325.

Therefore, IT IS ORDERED THAT the plan is confirmed.

IT IS FURTHER ORDERED THAT:

1. The Debtor(s) shall immediately notify, in writing, the Clerk of the United States Bankruptcy Court, Debtor(s) attorney, and the Trustee of any change in the debtor(s) address;

2. The debtor shall immediately notify Debtor(s) attorney, in writing, of any termination, reduction of or other change in the employment of the debtor; and

3. The debtor shall appear in court whenever notified to do so by the Court.

IT IS FURTHER ORDERED THAT the attorney fees in the full amount of $3,500.00 are

RECEIVED
October 12, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002148269

approved, $1,750.00 of which was paid prior to the filing of the petition. The Balance of $1,750.00 provided that the debtors and attorney have executed and filed a Rights and Responsibilities of Chapter 13 Debtors and Their Attorneys, shall be paid by the Trustee from plan payments at the rate specified in the Guidelines for Payment of Attorneys' Fees in Chapter 13 Cases. Attorney may apply for additional fee should the actual fees exceed the amount approved herein.

   IT IS FURTHER ORDERED THAT the motion is granted. For the purpose of this motion, Central Mortgage Company's collateral securing its second deed of trust, real property located at 8561 Diamond Oak Way, Elk Grove, California, had a value of $220,000.00 on the date of the petition. The property is encumbered by a first deed of trust held by America's Servicing Company with a balance of $343,148.00. Thus, the value of the collateral available to Central Mortgage Company on its second deed of trust is $0.00. $0.00 of creditor's claim secured by the second deed of trust is an allowed secured claim and the balance of its claim is an allowed unsecured claim.

   IT IS FURTHER ORDERED THAT the motion is granted. For the purpose of this motion, American General Finance's collateral securing its second third of trust, real property located at 8561 Diamond Oak Way, Elk Grove, California, had a value of $220,000.00 on the date of the petition. The property is encumbered by a first deed of trust held by America's Servicing Company with a balance of $343,148.00 and by a second deed of trust held by Central Mortgage Company with a balance of $62,761.00. Thus, the value of the collateral available to American General Finance on its third deed of trust is $0.00. $0.00 of creditor's claim secured by the third deed of trust is an allowed secured claim and the balance of its claim is an allowed unsecured claim.

   IT IS FURTHER ORDERED THAT the motion is granted. For the purpose of this motion, Beneficial's collateral securing its fourth deed of trust, real property located at 8561 Diamond Oak Way, Elk Grove, California, had a value of $220,000.00 on the date of the petition. The property is encumbered by a first deed of trust held by America's Servicing Company with a balance of $343,148.00, a second deed of trust held by Central Mortgage

Company with a balance of $62,761.00 and a third deed of trust held by American General Finance with a balance of $11,311.00. Thus, the value of the collateral available to Beneficial on its fourth deed of trust is $0.00. $0.00 of creditor's claim secured by the fourth deed of trust is an allowed secured claim and the balance of its claim is an allowed unsecured claim.

Approved as to form:

Chapter 13 Trustee

By: _____
    Trustee's Representative

[ x ]   Jan Johnson
[   ]   Lawrence Loheit
[   ]   Russell Greer

Dated: October 18, 2009

_____
Thomas C. Holman
United States Bankruptcy Judge